1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  KURT DINESO ANDRILLION

12               Petitioner,                 No. CIV S-11-0761 GEB DAD P

13         vs.

14  BRUNO STOLC, Warden

15               Respondent.                 FINDINGS AND RECOMMENDATIONS

16  _____/

17               Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas

18  corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges the sentence he received after he was

19  convicted of robbery and possession of a firearm by a felon on June 30, 2006, in the Sacramento

20  County Superior Court.  Petitioner has also filed a motion to amend his habeas petition to add

21  additional claims.  Upon careful consideration of the record and the applicable law and for the

22  reasons set forth below, the undersigned will recommend that petitioner's application for habeas

23  corpus relief and his motion to amend both be denied.

24  **I. Background**

25               Petitioner filed his federal habeas petition in this court on March 21, 2011.  On

26  March 29, 2011, the petition was dismissed with leave to amend granted for petitioner to name

1

1  the correct respondent.  On April 14, 2011, petitioner filed an amended petition raising four

2  separately articulated grounds for federal habeas relief.  Respondent filed an answer on June 24,

3  2011, and petitioner filed a traverse on July 27, 2011.  The petition is now submitted for

4  decision.

5          On August 5, 2011, petitioner filed a motion for leave to amend his habeas

6  petition to add additional claims.  Respondent filed an opposition to that motion on August 9,

7  2011, and petitioner filed a reply on October 3, 2011.

8  **II.  Standards of Review Applicable to Habeas Corpus Claims**

9          An application for a writ of habeas corpus by a person in custody under a

10  judgment of a state court can be granted only for violations of the Constitution or laws of the

11  United States.  28 U.S.C. § 2254(a).  A federal writ is not available for alleged error in the

12  interpretation or application of state law.  See Wilson v. Corcoran, 562 U.S.___, ___, 131 S. Ct.

13  13, 16 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Park v. California, 202 F.3d 1146,

14  1149 (9th Cir. 2000).

15          Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal

16  habeas corpus relief:

17          An application for a writ of habeas corpus on behalf of a
        person in custody pursuant to the judgment of a State court shall
18          not be granted with respect to any claim that was adjudicated on
        the merits in State court proceedings unless the adjudication of the
19          claim -

20          (1) resulted in a decision that was contrary to, or involved
        an unreasonable application of, clearly established Federal law, as
21          determined by the Supreme Court of the United States; or

22          (2) resulted in a decision that was based on an unreasonable
        determination of the facts in light of the evidence presented in the
23          State court proceeding.

24          For purposes of applying § 2254(d)(1), "clearly established federal law" consists

25  of holdings of the United States Supreme Court at the time of the state court decision.  Stanley v.

26  Cullen, 633 F.3d 852, 859 (9th Cir. 2011) (citing Williams v. Taylor, 529 U.S. 362, 405-06

1   (2000)).  Nonetheless, "circuit court precedent may be persuasive in determining what law is

2   clearly established and whether a state court applied that law unreasonably."  Stanley, 633 F.3d at

3   859 (quoting Maxwell v. Roe, 606 F.3d 561, 567 (9th Cir. 2010).

4           A state court decision is "contrary to" clearly established federal law if it applies a

5   rule contradicting a holding of the Supreme Court or reaches a result different from Supreme

6   Court precedent on "materially indistinguishable" facts.  Price v. Vincent, 538 U.S. 634, 640

7   (2003).  Under the "unreasonable application" clause of § 2254(d)(1), a federal habeas court may

8   grant the writ if the state court identifies the correct governing legal principle from the Supreme

9   Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case.[1]

10  Lockyer v. Andrade, 538 U.S. 63, 75 (2003); Williams, 529 U.S. at 413; Chia v. Cambra, 360

11  F.3d 997, 1002 (9th Cir. 2004).  In this regard, a federal habeas court "may not issue the writ

12  simply because that court concludes in its independent judgment that the relevant state-court

13  decision applied clearly established federal law erroneously or incorrectly.  Rather, that

14  application must also be unreasonable."  Williams, 529 U.S. at 412.  See also Schriro v.

15  Landrigan, 550 U.S. 465, 473 (2007); Lockyer, 538 U.S. at 75 (it is "not enough that a federal

16  habeas court, in its independent review of the legal question, is left with a 'firm conviction' that

17  the state court was 'erroneous.'").  "A state court's determination that a claim lacks merit

18  precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of

19  the state court's decision."  Harrington v. Richter, 562 U.S.___,___,131 S. Ct. 770, 786 (2011)

20  (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)).  Accordingly, "[a]s a condition for

21  obtaining habeas corpus from a federal court, a state prisoner must show that the state court's

22  ruling on the claim being presented in federal court was so lacking in justification that there was

23  an error well understood and comprehended in existing law beyond any possibility for fairminded

24

25      [1]  Under § 2254(d)(2), a state court decision based on a factual determination is not to be
    overturned on factual grounds unless it is "objectively unreasonable in light of the evidence
    presented in the state court proceeding."  Stanley, 633 F.3d at 859 (quoting Davis v. Woodford,
26  384 F.3d 628, 638 (9th Cir. 2004)).

1  disagreement." Harrington,131 S. Ct. at 786-87.

2          If the state court's decision does not meet the criteria set forth in § 2254(d), a

3  reviewing court must conduct a de novo review of a habeas petitioner's claims. Delgadillo v.

4  Woodford, 527 F.3d 919, 925 (9th Cir. 2008); see also Frantz v. Hazey, 533 F.3d 724, 735 (9th

5  Cir. 2008) (en banc) ("[I]t is now clear both that we may not grant habeas relief simply because

6  of § 2254(d)(1) error and that, if there is such error, we must decide the habeas petition by

7  considering de novo the constitutional issues raised.").

8          The court looks to the last reasoned state court decision as the basis for the state

9  court judgment. Stanley, 633 F.3d at 859; Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir.

10 2004).  If the last reasoned state court decision adopts or substantially incorporates the reasoning

11 from a previous state court decision, this court may consider both decisions to ascertain the

12 reasoning of the last decision. Edwards v. Lamarque, 475 F.3d 1121, 1126 (9th Cir. 2007) (en

13 banc).  "When a federal claim has been presented to a state court and the state court has denied

14 relief, it may be presumed that the state court adjudicated the claim on the merits in the absence

15 of any indication or state-law procedural principles to the contrary." Harrington, 131 S. Ct. at

16 784-85.  This presumption may be overcome by a showing "there is reason to think some other

17 explanation for the state court's decision is more likely." Id. at 785 (citing Ylst v. Nunnemaker,

18 501 U.S. 797, 803 (1991)).  Where the state court reaches a decision on the merits but provides

19 no reasoning to support its conclusion, a federal habeas court independently reviews the record to

20 determine whether habeas corpus relief is available under § 2254(d). Stanley, 633 F.3d at 860;

21 Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003).  "Independent review of the record is

22 not de novo review of the constitutional issue, but rather, the only method by which we can

23 determine whether a silent state court decision is objectively unreasonable." Himes, 336 F.3d at

24 853.  Where no reasoned decision is available, the habeas petitioner still has the burden of

25 "showing there was no reasonable basis for the state court to deny relief." Harrington, 131 S. Ct.

26 at 784.

4

1   When it is clear, however, that a state court has not reached the merits of a

2   petitioner's claim, the deferential standard set forth in 28 U.S.C. § 2254(d) does not apply and a

3   federal habeas court must review the claim de novo.  Stanley, 633 F.3d at 860; Reynoso v.

4   Giurbino, 462 F.3d 1099, 1109 (9th Cir. 2006); Nulph v. Cook, 333 F.3d 1052, 1056 (9th Cir.

5   2003).

6   **III.  Habeas Claims**

7      **A.  Description of Claims**

8   In his amended petition, petitioner raises four separate grounds for relief.  His first

9   claim is that the trial court failed to require proof beyond a reasonable doubt that he had suffered

10  a prior "strike" for purposes of enhancing his sentence under California's Three Strikes Law.

11  (Doc. No. 1 at 4.)  Petitioner claims that because he received a suspended sentence with in

12  connection with his prior "strike" conviction, "judgment was never properly entered in that case

13  and reliance on that case as a conviction to enhance petitioner's sentence beyond statutory

14  maximum is improper."  (Id.)

15  In his second claim for relief, related to his first, petitioner alleges that the

16  prosecutor in his case improperly relied on "two (969b) prison packets to falsely prove alleged

17  prior conviction."  (Id.)  Petitioner argues that because he was placed on probation in connection

18  with his prior conviction, and probation in that prior case was later "terminated without the

19  pronouncement of judgment or sentence," his prior conviction could not be used to enhance his

20  sentence in his 2006 case.  (Id.)

21  In his third claim for relief, petitioner contends that "a probation order is not a

22  'judgment' or 'sentence' when the imposition of sentence is suspended."  (Id. at 5.)  In this

23  regard, petitioner explains that "when trial court grants order of probation after a conviction, it

24  may suspend imposition of sentence, in which case no judgment of conviction is thus rendered,

25  or it may impose sentence and order its execution to be stayed.  In the latter case 'only' a

26  judgment of conviction is rendered."  (Id.)

5

1    In his fourth claim for relief, petitioner argues that "a sentence which does not

2    comply with the letter of the criminal statute is erroneous." (Id.)  Petitioner also states that "an

3    excessive sentence need to be corrected . . . by a appropriate amendment of the invalid sentence

4    by the court of original jurisdiction."  (Id.)  In essence, in this claim petitioner is merely one

5    again asserting that his sentence on the robbery and possession of a firearm charges was

6    improperly enhanced by his prior conviction because the suspended sentence and probation

7    imposed with respect to that prior conviction precluded it from being a qualified "strike" under

8    California's Three Strikes Law.  Petitioner concludes by requesting that this federal court "affirm

9    conviction, but remand back for proper sentencing." (Id. at 7.)

10    In points and authorities attached to his amended petition, petitioner argues that

11    the trial court also violated his right to due process when it applied "inapplicable and/or invalid

12    sentence enhancement solely to enhance sentence."  (Id. at 9.)  Here, petitioner explains that he

13    received a suspended sentence on his 1982 prior conviction and was "then granted probation, and

14    one of the conditions of probation was to spend first year in county jail." (Id.)  Petitioner argues

15    that his 1982 conviction was not in fact a felony conviction because the trial court "suspended

16    the imposition of sentence without the pronouncement of judgment or sentence," and because he

17    received a probationary sentence with one year in county jail as a condition thereof.  (Id.)

18    Petitioner states that "the issue is that of a suspended sentence without the pronouncement of any

19    judgment or sentence imposed, and later used as a final judgment of a conviction and/or felony

20    strike prior conviction to enhance petitioner's sentence beyond the statutory maximum in current

21    case." (Id.)  Petitioner goes on to explain that, under California law, the imposition of a

22    suspended sentence is "the equivalent of probation" and results in the conviction being a

23    misdemeanor and not a felony.  (Id. at 10-13.)  He states that "if an offense is made a

24    misdemeanor at initial sentencing, this determination is retroactive to the date guilt was decided,

25    thus rendering the conviction a nonstrike." (Id. at 14.)  Petitioner argues that "suspended

26    sentences cannot be considered as felony strike prior convictions because there is no judgment or

6

sentence and/or finality." (Id. at 16.)  He also argues that "because the California court granted

(defendant) probation and suspended proceedings, (defendant) does not have a final or pending

judgment against him in California." (Id. at 18.)

Petitioner summarizes his arguments as follows:

> In case number A198969, there was no sentence or judgment
> imposed at the initial sentencing and/or at the time probation was
> granted . . . and the probation order was never revoked . . . thus,
> accordingly, no valid judgment has been rendered in case number
> A198969, therefore, the enhanced sentence imposed in reliance of
> the 1982 conviction in Superior Court, County of Los Angeles,
> Southwest, Department (L), case number A198969, was improper.
> Petitioner has suffered a invalid sentence enhancement in case
> number 08F00909 resulting in a miscarriage of justice which
> refuse to be corrected due to the misinterpretation of state law,
> probationary laws, and federal law in violation of petitioner's
> constitutional right to due process of law under the 8th
> Amendment of the Constitution of the United States.

(Id. at 19-20.)

In the Answer, respondent argues that all of petitioner's claims for federal habeas

relief are based solely on alleged violations of state law and are therefore not cognizable in this

federal habeas corpus action.  (Doc. No. 15 at 7, 8-9.)  Respondent also argues that to the extent

petitioner is raising a claim of federal constitutional error, any such claim has not been properly

exhausted in state court.  (Id. at 7-8.)

In his traverse, petitioner repeats his argument that "the alleged prior conviction

for robbery 'was not' a felony conviction for the purpose of doubling petitioner's sentence

beyond statutory maximum because trial court suspended the imposition of sentence without the

entry of judgment or sentence."  (Doc. No 17 at 3.)  Petitioner continues to argue that because his

1982 prior conviction resulted in the imposition of a suspended sentence and a grant of probation

upon the condition that he serve the first year in county jail, there was no "final judgment of

conviction that would constitute a felony strike prior within the meaning of California's Three

Strikes Law."  (Id. at 6.)  In support of his argument, petitioner cites California law for the

proposition that "a defendant who was granted probation, was not then 'sentenced' within the

1    technical meaning of the term, and as a result, he was not 'serving a term' within the meaning of

2    the California's Three Strikes Law." (Id. at 9.)  He argues that the California Court of Appeal

3    misinterpreted state law when it rejected his argument on this issue.  (Id. at 11.)  Petitioner

4    contends that "the state court and the respondent continue to entertain a inaccurate legal analysis

5    of the imposition of suspended sentences and its function and the discretion of the trial court, and

6    its authority or power to administer the probation." (Id.)

7                    Petitioner also denies that his claims for federal habeas relief are based solely on

8    alleged violations of state law.  (Id. at 13.)  He points out that even under federal law, "a void

9    order purporting permanently to suspend sentence is neither a final nor a valid judgment of

10   conviction." (Id.)  Petitioner argues that under federal law, "the sentence is the judgment." (Id.

11   at 14.)  He summarizes his claims for habeas relief as follows:

12               In this case, petitioner raises the claim that the suspending the
                 imposition of a sentence at initial sentencing without
13               pronouncement of judgment or sentence does not qualify as a final
                 judgment of conviction to increase petitioner's sentence beyond the
14               statutory maximum.  Also, the other claim raised is that probation
                 is not a sentence and does not constitute a judgment of conviction.
15               And lastly, petitioner raised the claim that trial court failed to prove
                 the enhancement beyond a reasonable doubt, based on the evidence
16               that was then presented, thus, the enhancement is improper.

17   (Id. at 18.)[2]

18   /////

19   /////

20   _____

21        [2]  Petitioner's challenges to the use of his prior conviction to enhance his sentence on his
     2006 conviction should be distinguished from the type of claim that would be precluded by the
22   decision of the United States Supreme Court in Lackawanna v. Coss, 532 U.S. 394 (2001).  In
     Lackawanna the Supreme Court held that where a petitioner's state court conviction was later
23   used to enhance a criminal sentence, "the defendant generally may not challenge the enhanced
     sentence through a petition under § 2254 on the ground that the prior conviction was
24   unconstitutionally obtained." 532 U.S. at 403-04.  See also Gill v. Ayer, 342 F.3d 911, 919 n.7
     (9th Cir. 2003).  Here, petitioner is not alleging that his prior conviction was unconstitutionally
25   obtained.  Rather, he contends that the sentence imposed in connection with his prior conviction
     precludes a finding that the prior conviction was a "felony" for purposes of California's Three
26   Strikes Law.  In light of these allegations, petitioner's claims set forth in the pending petition are
     not precluded by the decision in Lackawanna.

                                              8

**B.  State Court Decision**

On direct appeal the California Court of Appeal for the Third Appellate District rejected petitioner's challenge to the sentence imposed in connection with his 2006 conviction, reasoning as follows:

> In a "global resolution," defendant Kurt Dineso Andrillion resolved three cases pending against him by pleading no contest to robbery (Pen. Code, § 211)[3] in case No. 08F00909, and possession of a firearm by a felon (§ 12021, subd. (a)(1)) in case No. 08F005822.  Defendant denied the enhancement allegation in both cases, which alleged that defendant was convicted of robbery in 1982.

> In exchange for defendant's plea, the prosecution dismissed the remaining probation violation charge in case No. 04F00059, in which defendant was convicted of possessing stolen property (§ 496, subd. (a)).  The prosecution also agreed the plea would preserve defendant's right to challenge the enhancement allegation.  A court trial was then held on the enhancement allegation.

> At the trial on the enhancement allegation, defendant argued the prior conviction for robbery was not a felony conviction because imposition of his sentence was suspended by the court.  The trial court explained to defendant that whether the sentence was imposed was irrelevant; he had been convicted of the felony.  The court thus rejected defendant's argument and found true the enhancement allegation.  Defendant was then sentenced consistent with his plea, to an aggregate term of seven years four months in state prison.

> In case No. 08F00909, defendant was sentenced to three years in state prison, doubled for the prior conviction.  He was ordered to pay a $1,200 restitution fine, and an additional $1,200 restitution fine, stayed unless parole was revoked, and restitution to the victim in an amount to be determined.  Defendant was further ordered to pay a $10 fine for the crime prevention program (§ 1202.5), a $20 court security fee (§ 1465.8, subd. (a)(1)), a main jail booking fee of $242.29 (Gov. Code, § 29550.2), and a main jail classification fee of $27.22 (Gov. Code, § 2950.2).  He also was awarded 329 days of credit for time served.

> In Case Number 08F005822, defendant was sentenced to a consecutive term of eight months, doubled to 16 months for the prior conviction.  He was ordered to pay a $2,000 restitution fine, and an additional $2,000 restitution fine, stayed unless parole was

---

[3]  Further undesignated references are to the Penal Code.

revoked.  Defendant was further ordered to pay a $20 court security fee (§ 1465.8, subd. (a)(1)), and the court waived the main jail booking and classification fees in the "interests of justice." Defendant also was awarded 181 days of credit for time served.

The remaining probation violation in case No. 04F00059 was dismissed and defendant's probation in that case terminated.

Defendant filed notices of appeal on June 19, 2009, and June 26, 2009.  His request for a certificate of probable cause (§ 1237.5) was denied.

We appointed counsel to represent defendant on appeal.  Counsel filed an opening brief that sets forth the facts of the case and asks us to review the record and determine whether there are any arguable issues on appeal.  (People v. Wende (1979) 25 Cal.3d 436.)  Defendant filed a supplemental brief raising claims of error which we reject for the reasons stated below.

As he argued in the trial court, defendant claims his 1981 conviction for robbery cannot be a felony conviction because imposition of his sentence was suspended.  As was already explained to defendant by the trial court, whether sentence is stayed, imposed, or suspended, a felony conviction remains a felony conviction.  (§ 667, subd. (d).)[4]

Defendant further argues that the court's decision to order probation on his prior conviction converted the felony conviction for robbery into a misdemeanor.  In support of his argument, defendant relies on section 17, subdivision (b)(3): "When a crime is punishable in the discretion of the court, by imprisonment in the state prison or by fine or imprisonment in the county jail, it is a misdemeanor for all purposes under the following circumstances: [¶] ... [¶] (3) When the court grants probation to a defendant without imposition of sentence and at the time of granting probation, or on application of the defendant or probation officer thereafter, the court declares the offense to be a misdemeanor."

He also relies on section 667, subdivision (d): "The determination of whether a prior conviction is a prior felony conviction for purposes of subdivision (b) to (i), inclusive, shall be made upon the date of that prior conviction and is not affected by the sentence imposed unless the sentence automatically, upon the initial sentencing, converts the felony to a misdemeanor."  What

---

[4]  Section 667, subdivision (d) provides in relevant part that "[n]one of the following dispositions shall affect the determination that a prior conviction is a prior felony for purposes of subdivisions (b) to (i), inclusive: [¶] (A) The suspension of imposition of judgment or sentence. [¶] (B) The stay of execution of sentence . . . ."

defendant fails to include in his analysis, however, is the fact that robbery is, by definition, a felony.

A felony is defined as "a crime which is punishable with death or by imprisonment in the state prison." (§ 17, subd. (a).)  Robbery is defined as "the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." (§ 211.)  Robbery is punishable by a term in state prison, the length of which may be anywhere from two to nine years. (§ 213.)  Thus, according to the statutes, robbery is a felony, not a crime for which a fine or county jail term may be imposed.

Accordingly, the trial court's decision to exercise its discretion and grant defendant probation on the conviction in 1982, does not, indeed cannot, convert the conviction to a misdemeanor.  Defendant's argument is, therefore, without merit.[5]

Defendant also challenges the evidence upon which the trial court relied in determining that defendant was convicted of robbery in 1981 [sic].  No objections to the evidence were raised in the trial court.  Accordingly, any objections have been forfeited.  (People v. Scott (1994) 9 Cal.4th 331, 353.)  In any event, the evidence was admissible.

"Except as otherwise provided by statute, all relevant evidence is admissible." (Evid. Code, § 351.)  Here, the trial court relied upon numerous written documents to find defendant was previously convicted of robbery, all of which were admissible.  The trial court considered two section 969b prison packets, certified by the Director of the Department of Corrections through his agent.  The language of section 969b itself makes such evidence admissible to prove defendant's prior conviction. (§ 969b.)

The court also considered defendant's "certified RAP sheet," two probation officers' reports, the complaint in Los Angeles County Case no. A-905411, and a copy of a minute order in Los Angeles County Case no. A198969.  Each of these documents is a business record, and not subject to a hearsay objection. (Evid. Code, § 1271.)  Moreover, each of them is relevant to prove defendant was convicted of robbery in 1982 in Los Angeles County, and none of it unduly prejudiced defendant at trial. (Evid. Code, § 352 [relevant evidence that is prejudicial is inadmissible].)  Accordingly, there was no error in admitting the evidence.

Defendant also contends there was insufficient evidence to sustain his conviction for robbery in case No. 08F00909.  Because defendant pled no contest to the charge of robbery in case No.

---

[5] Defendant's writ of habeas corpus was denied on the same ground.

1    08F00909 he cannot raise this challenge without a certificate of
probable cause, which the trial court refused to grant. (§ 1237.5.)

2    Accordingly, we reject this argument as well.

3    The recent amendments to Penal Code section 4019 do not operate
to modify defendant's entitlement to credit, as he was committed

4    for a serious felony. (Pen. Code, § 4019, subds.(b), (c);
Stats.2009-2010, 3d Ex. Sess., ch. 28, § 50.)

5

6    Having undertaken an examination of the entire record, we find no
arguable error that would result in a disposition more favorable to
defendant.

7

8    (Doc. No. 1 at 23-29.)  This decision of the California Court of Appeal is the last reasoned

9    decision on the claims set forth in the instant federal habeas petition.[6]

10    **C. Analysis**

11           Although petitioner raises four distinct grounds for relief, he is essentially

12    presenting but a single claim - that his 1982 prior conviction was not a felony for purposes of

13    California's Three Strikes Law and therefore should not have been utilized to enhance his

14    sentence on the 2006 robbery and possession of a weapon charges.  Although petitioner cites

15    several federal court decisions and argues that his state sentence violates the federal due process

16    clause and the Eighth Amendment, his claims involve only the interpretation of state law.  Of

17    course, a challenge to a state court's interpretation of state law is not cognizable in a federal

18    habeas corpus petition.  See Waddington v. Sarausad, 555 U.S. 179, 192 n.5 (2009) ("[W]e have

19    repeatedly held that 'it is not the province of a federal habeas court to reexamine state-court

20    determinations on state-law questions."); Rivera v. Illinois, 556 U.S. 148, ___, 129 S. Ct. 1446,

21    1454 (2009) ("[A] mere error of state law . . . is not a denial of due process") (quoting Engle v.

22

23         [6]  The court notes, that after the California Court of Appeal issued its decision on
petitioner's appeal, petitioner raised a challenge to his conviction and sentence in a petition for

24    writ of habeas corpus filed in that same court.  That petition was denied with the state appellate
court stating: "The petition for writ of habeas corpus is denied.  Robbery is not a wobbler." (See

25    Pen. Code, § § 17, 213.)."  (Resp't's Lod. Doc. 15.)  Petitioner subsequently filed another
petition for writ of habeas corpus in the Sacramento County Superior Court, in which he raised

26    some of the same claims he has raised in the instant petition.  That state habeas petition was
denied on state procedural grounds.  (Resp't's Lod. Doc. 17.)

1   <u>Isaac</u>, 456 U.S. 107, 121, n.21 (1982) and <u>Estelle v. McGuire</u>, 502 U.S. 62, 67, 72-73 (1991));

2   <u>Bradshaw v. Richey</u>, 546 U.S. 74, 76 (2005) "a state court's interpretation of state law . . . binds

3   a federal court sitting in federal habeas"); <u>Lewis v. Jeffers</u>, 497 U.S. 764, 780 (1990) (federal

4   habeas corpus relief does not lie for errors of state law).  A habeas petitioner may not "transform

5   a state-law issue into a federal one" merely by asserting a violation of the federal constitution.

6   <u>Langford v. Day</u>, 110 F.3d 1380, 1389 (9th Cir. 1997).  Rather, petitioner must show that the

7   decision of the California Court of Appeal somehow "violated the Constitution, laws, or treaties

8   of the United States."  <u>Little v. Crawford</u>, 449 F.3d 1075, 1083 (9th Cir. 2006) (quoting <u>Estelle</u>,

9   502 U.S. at 68).

10          Petitioner has cited no federal authority in support of his claim that a prior felony

11  conviction for which the defendant received a suspended sentence and probation may not be used

12  to enhance a current conviction under California's Three Strikes Law.  Nor has petitioner

13  demonstrated that the decision of the California Court of Appeal rejecting his arguments on this

14  issue violates the federal constitution or a federal statute.  Accordingly, he has failed to establish

15  that the state court's rejection of his claims was contrary to, or an unreasonable application of

16  clearly established federal law.  <u>See Brewer v. Hall</u>, 378 F.3d 952, 955 (9th Cir. 2004) ("If no

17  Supreme Court precedent creates clearly established federal law relating to the legal issue the

18  habeas petitioner raised in state court, the state court's decision cannot be contrary to or an

19  unreasonable application of clearly established federal law").  For these reasons, petitioner is not

20  entitled to federal habeas relief with respect to any of his claims

21          Nor do petitioner's claims have merit when considered individually.  As set forth

22  above, petitioner's first two claims concern the sufficiency of the evidence used to establish his

23  prior felony strike conviction.  Specifically, petitioner claims that the "trial court failed to prove

24  strike prior beyond a reasonable doubt" and that the prosecutor "relied upon two (969b) prison

25  packets to falsely prove alleged prior conviction."  (Doc. No. 6 at 4.)  However, as explained by

26  the California Court of Appeal, the evidence relied upon by the trial judge to find that petitioner

1  had suffered a prior felony conviction was admissible under state law and sufficiently established

2  the "strike."  That conclusion, based on state law, may not be set aside by this court because this

3  Court is bound by the state court's interpretation of state law.  Aponte v. Gomez, 993 F.2d 705,

4  707 (9th Cir. 1993).

5       In his third claim for relief, petitioner argues that "a probation order is not a

6  'judgment' or 'sentence' when the imposition of sentence is suspended."  (Doc. No. 6 at 5.)  As

7  is the case with petitioner's first two claims, this claim is concerns solely the application and

8  interpretation of state law and is therefore not cognizable in this federal habeas action.

9       In his fourth claim, petitioner contends that "a sentence which does not comply

10  with the letter of the criminal statute is erroneous."  (Id.)  Even if this claim has not been properly

11  exhausted in state court, it should be rejected.  See 28 U.S.C. § 2254(b)(2) (an application for a

12  writ of habeas corpus "may be denied on the merits, notwithstanding the failure of the applicant

13  to exhaust the remedies available in the courts of the State.")  Petitioner has failed to demonstrate

14  that his sentence on his 2006 conviction violates any statute, state or federal.[7]

15       Accordingly, for the foregoing reasons, petitioner is not entitled to federal habeas

16  relief on any of the claims raised in his amended petition pending before the court.

17  **IV.  Motion to Amend**

18       On August 5, 2011, after petitioner's amended federal habeas petition was

19  submitted for decision, petitioner filed a motion for further leave to amend to add "eleven

20  ────────────────

21       [7]  Petitioner cites the decisions in In re Bonner, 151 U.S. 242 (1894) and Bozza v. United
      States, 330 U.S. 160 (1947) in support of his fourth claim for relief.  (Doc. No. 6 at 5.)  These

22  cases are not on point.  In Bonner, the United States Supreme Court held that a sentence which
      does not comply with the punishment prescribed by the statute making the conduct criminal may

23  be set aside in habeas corpus proceedings and corrected by imposition of a sentence in
      accordance with the law in the court of original jurisdiction.  In Bozza, the Supreme Court

24  expressed its "reject[ion of] 'the 'doctrine that a prisoner, whose guilt is established, by a regular
      verdict, is to escape punishment altogether, because the court committed an error in passing the

25  sentence.'"  330 U.S. at 166 (quoting In re Bonner, 151 U.S. 242, 260 (1894)).  Here, petitioner
      has failed to establish that he was either sentenced in error or in excess of the maximum provided

26  by the criminal statute under which he was convicted.  Accordingly, the decisions relied upon by
      petitioner do not support his claim of entitlement to relief.

issues." (Doc. No. 18.)  However, in the body of that motion, petitioner lists only ten proposed

claims.  The claims petitioner seeks to raise are the following:

> (1) is petitioner illegally in custody when defendants prior
> conviction used to enhance sentence under (Three Strikes Law)
> illegally applied to petitioner's sentence even though prior is 'not'
> registered as a valid serious and/or violent felony?

> (2) is petitioner entitled to writ and discharge when prior used to
> enhance petitioner's term in violation of petitioner's (civil rights)
> when the trial court conducted invalid plea bargain/agreement as
> state statute mandates recording of priors?

> (3) petitioner was denied due process right and not be put in twice
> jeopardy in violation of United States Constitutions Fifth and
> Fourteenth Amendments because of the inapplicability of a
> enhancement in case number 08F00909 pursuant to 667 (B) - (I).

> (4) trial court judge in case number 08F00909 denied the due
> process through a misinterpretation of Penal Codes, statutes that
> provide that a sentencing judge at initial sentencing has the option
> and/or the discretion at initial sentencing to convert a felony to a
> misdemeanor.

> (5) petitioner contends that the action taken by trial court January
> 8, 1982, case number A198969, suspending the imposition of
> sentence without the pronouncement of judgment or sentence
> constituted rendition of a final judgment of conviction and the
> imposition of sentence.

> (6) in case number A198969, there was no pronouncement of
> judgment or sentence in that case, only a grant of probation and
> trial court in case number 08F00909 lacked jurisdiction when it
> applied the suspended sentence as a strike prior conviction in case
> number 08F00909.

> (7) petitioner was denied due process and not be put in twice
> jeopardy in violation of the United States Constitutions 14th
> Amendment because of making false representation and presenting
> false evidence in court regarding allegation of strike prior
> conviction.

> (8) if a judgment of conviction is proper but the sentence is
> 'unauthorized' the conviction should be affirmed, but the case
> should be remanded for proper sentencing.

> (9) petitioner seeks reversal and/or remand back for a sentencing
> correction on grounds that the order in January 8, 1982 suspending
> the imposition of sentence at initial sentencing and granting

/////

1    probation constituted a misdemeanor sentence in case number
     A198969.
2
     (10) petitioner was denied his due process, a fair trial and the
3    effective assistance of counsel in violation of the United States
     constitution Fifth, Sixth and Fourteenth Amendment rights.
4

5    (Id. at 2-3.)  Petitioner does not elaborate on these proposed new claims in the body of his motion

6    to amend or in his reply to respondent's opposition to that motion.[8]

7              Under Federal Rule of Civil Procedure 15(a), a habeas petitioner may amend his

8    pleadings once as a matter of course before a responsive pleading is served and may seek leave of

9    court to amend his pleading at any time during the proceeding.  Mayle v. Felix, 545 U.S. 644,

10   654 (2005); see also In re Morris, 363 F.3d 891, 893 (9th Cir. 2004) (Rule 15(a) applies to

11   habeas actions with the same force that it applies to other civil cases).  Although leave of court

12   should be given freely, a court may deny a motion to amend if the motion is made in bad faith,

13   there would be prejudice to the opposing party, the amendment would be futile or would delay

14   the action, or if the party acted in a dilatory fashion in seeking leave to amend.  Foman v. Davis,

15   371 U.S. 178, 182 (1962); Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004) (applying these

16   factors with respect to a motion to amend in a habeas case); Bonin v. Calderon, 59 F.3d 815, 845

17   (9th Cir. 1995) (same).  Prejudice to the opposing party is the most important factor in assessing

18   a motion to amend.  Jackson v. Bank of Haw., 902 F.2d 1385, 1387 (9th Cir. 1990).

19             Bad faith may be shown when a party seeks to amend late in the litigation process

20   with claims which were, or should have been, apparent early.  Bonin, 59 F.3d at 846.[9]  A motion

21   to amend a pleading is addressed to the sound discretion of the court and must be decided upon

22

23        [8]  In a document filed on October 3, 2011, petitioner informed the court that all of his
     proposed new claims have been exhausted in state court.  (Doc. No. 22.)  Petitioner has also
     provided evidence that a petition for writ of habeas corpus he filed in the California Supreme
24   Court was summarily denied by order dated September 14, 2011.  (Id.)

25        [9]  These facts might also support a finding that the moving party acted in a dilatory
     fashion when seeking leave to amend.  Duggins v. Steak 'N Shake, Inc., 195 F.3d 828, 834 (6th
26   Cir. 1999).

                                                16

1  the facts and circumstances of each particular case.  Sackett v. Beaman, 399 F.2d 884, 889 (9th
2  Cir. 1968).

3          It appears to the undersigned that a number of petitioner's proposed new claims -
4  specifically, proposed claims 1, 3, 4, 5, 6, 8, and 9 –  are simply restatements, or additional
5  allegations in support of the claims already contained in petitioner's amended petition and
6  addressed above.  To the extent these claims are duplicative of petitioner's existing claims,
7  further amendment of the petition to add them should be denied as unnecessary.   In any event,
8  petitioner's proposed new claims are also vague and conclusory and therefore lack merit.  See
9  Jones v. Gomez, 66 F.3d 199, 204 (9th Cir. 1995) ("'[c]onclusory allegations which are not
10  supported by a statement of specific facts do not warrant habeas relief'") (quoting James v. Borg,
11  24 F.3d 20, 26 (9th Cir. 1994)).  Further, petitioner has made no showing suggesting that the
12  California Supreme Court's rejection of his proposed new claims for federal habeas relief was
13  contrary to or an unreasonable application of federal law.  Accordingly, amending the petition to
14  add these new claims would be futile.  In short, petitioner's motion to amend his habeas petition
15  should be denied because amendment would be both futile and prejudicial to the respondent at
16  this late date.

17                                    **CONCLUSION**
18          Accordingly, IT IS HEREBY RECOMMENDED that:
19          1.  Petitioner's application for a writ of habeas corpus be denied; and
20          2.  Petitioner's August 5, 2011 motion to amend (Doc. No 18) be denied.
21          These findings and recommendations will be submitted to the United States
22  District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within
23  twenty-one days after being served with these findings and recommendations, any party may file
24  written objections with the court.  The document should be captioned "Objections to Findings
25  and Recommendations."  Any reply to the objections shall be served and filed within fourteen
26  days after service of the objections.  Failure to file objections within the specified time may

1    waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th

2    Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).  In his objections petitioner may

3    address whether a certificate of appealability should issue in the event he files an appeal of the

4    judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district

5    court must issue or deny a certificate of appealability when it enters a final order adverse to the

6    applicant).

7    DATED: January 19, 2012.

8

9

10   DALE A. DROZD
     UNITED STATES MAGISTRATE JUDGE

11   DAD:8
     andrillion761.hc

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26